UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAVARGO L. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. 2:15-cv-0772 JCC-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: December 11, 2015 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 11, 15, 16).

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence. Although the ALJ found that examining doctor, Dr. Mitchell, relied heavily on plaintiff's subjective self reports, this finding is not

supported by substantial evidence in the record as a whole. Dr. Mitchell explicitly provided numerous observations of her own in support of her opinions.

For this reason and the reasons discussed herein, the Court concludes that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, LAVARGO L. THOMAS, was born in 1967 and was 42 years old on the alleged date of disability onset of June 8, 2010 (*see* AR. 157-62). Plaintiff dropped out of school in the 11th grade, but later obtained his GED (AR. 35). Plaintiff has worked for short periods of time washing dishes, planting trees, mowing lawns and packing fish, but the jobs did not last long allegedly because he had trouble concentrating around people and would be fired (AR. 38-41).

According to the ALJ, plaintiff has at least the severe impairments of "post-traumatic stress disorder (PTSD); major depressive disorder (MDD); and periodic substance abuse (20 CFR 416.920(c))" (AR. 12).

At the time of the hearing, plaintiff was living with his sister sometimes and homeless other times (AR. 34)

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 69-79, 81-91). Plaintiff's requested hearing was held

before Administrative Law Judge Mary Gallagher Dilley ("the ALJ") on June 4, 2013 (*see* AR. 27-67). On September 20, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 10-20).

On March 17, 2015, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in May, 2015 (*see* Dkt. 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on July 31, 2015 (*see* Dkt. 9).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the administrative law judge ("ALJ") provided legally sufficient reasons for rejecting the opinions of four examining mental health specialists; (2) Whether or not the ALJ correctly provided clear and convincing reasons for rejecting plaintiff's testimony; (3) Whether or not the ALJ provided germane reasons for rejecting the lay testimony of plaintiff's case manager; and (4) Whether or not the ALJ met her burden of showing that there were other jobs in the national economy that plaintiff could perform at step five of the sequential evaluation process (*see* Dkt. 11, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)   **Whether or not the administrative law judge (ALJ) provided legally sufficient reasons for rejecting the opinions of four examining mental health specialists.**

Plaintiff contends that the ALJ erred in failing to credit fully the medical opinion of examining psychologist, Dr. Melanie Mitchell, Psy.D., as well as other medical opinions. Defendant contends that there is no error.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

Dr. Mitchell examined plaintiff on April 12, 2012 and provided numerous opinions regarding plaintiff's specific functional limitations (AR. 253-62). Although the ALJ noted some of Dr. Mitchell's opinions, she failed to take note of all the relevant opinions regarding specific functional limitations (*see* AR. 17). The ALJ noted that Dr. Mitchell "opined that the claimant's difficulty with concentration would 'most likely

1  impair the ability to be aware of normal hazards and take precautions,' and depressive

2  symptoms would 'interfere' with the ability to keep a schedule and sustain a productive

3  pace in a competitive work environment (*see id.* (internal citation to AR. 250)). However,

4  the ALJ failed to take note of Dr. Mitchell's opinion that plaintiff's "chronic fatigue and

5  high anxiety would make it difficult to follow instructions consistently" (AR. 255). The

6  ALJ also failed to note Dr. Mitchell's opinion that plaintiff's "fatigue (depression) and

7  chronic anxiety (PTSD) will likely affect the ability to concentrate as well as learn new

8  tasks" (*id.*). The ALJ also failed to note the important observations during Dr. Mitchell's

9  examination that plaintiff "was not able to do tasks without repeated instructions" and

10  that plaintiff "was not able to keep his focus (anxiety/depression) during the evaluation"

11  

12  (*id.*). Similarly ignored was Dr. Mitchell's observation that plaintiff "was not able to

13  remember three words after a short delay and would most likely need significant

14  supervision in a work environment" (*id.*). Another opinion from Dr. Mitchell that the ALJ

15  failed to address was her opinion that plaintiff's PTSD symptoms would interfere with

16  his "ability to relate to others appropriately in a work environment" and would "also

17  affect [plaintiff's] ability to interact with others appropriately in a work environment, due

18  to fear, lack of trust and suspiciousness" (*id.*). The Court concludes that the ALJ's failure

19  to discuss the above-noted evidence is legal error in the context of this case. As noted by

20  the Ninth Circuit, an ALJ "may not reject 'significant probative evidence' without

21  explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v.*

22  *Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700,

23  706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding

24

[such] evidence." *Flores, supra*, 49 F.3d at 571. Dr. Mitchell's medical opinion regarding specific functional limitations and her specific observations during examination that support those opinions are significant and probative evidence that should have been discussed explicitly by the ALJ. *See id.*

Contrary to the ALJ's finding that "Dr. Mitchell did not opine that the claimant had lost all ability to work," this particular finding by the ALJ is not based on substantial evidence in the record as a whole and does not entail a legitimate reason for failing to credit fully Dr. Mitchell's medical opinion. In fact, Dr. Mitchell did opine on plaintiff's inability to sustain employment and summarized her findings by indicating that due to plaintiff's "current level of symptoms and distress he would likely not be able to attain or sustain employment at this time" (AR. 17, 455).

The only other reason provided by the ALJ for her failure to credit fully the medical opinion of Dr. Mitchell regarding specific functional limitations was the ALJ's finding that Dr. Mitchell's "report is based on the claimant's self-report which is found less than credible" (AR. 17). Regarding this rationale, the Court first notes the following footnote from a Ninth Circuit opinion cited by plaintiff:

> Moreover, mental health professionals frequently rely on the combination of their observations and the patient's report of symptoms (as do all doctors); indeed the examining psychologist's report credited by the ALJ also relies on those methods. To allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders.

*Ferrrando v. Comm'r of SSA*, 449 Fed. Appx. 610, 612 n2 (9th Cir. 2011) (unpublished memorandum opinion).

However, according to the Ninth Circuit, an ALJ may reject a doctor's "opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan, supra*, 169 F.3d at 602 (*citing Fair, supra*, 885 F.2d 597 at 605)). Such a situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); *see also Edlund, supra*, 253 F.3d at 1159. According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan, supra*, 528 F.3d at 1199-1200). Such is the situation here.

Here, based on a review of the relevant record, the Court concludes that Dr. Mitchell's medical opinion is not more heavily based on plaintiff's self report than on Dr. Mitchell's own observations on examination. *See id*. First, the Court already has noted numerous objective observations from Dr. Mitchell's mental status examination ("MSE") that she reported just prior to her opinion regarding the specific functional limitations noted above, such as that plaintiff "was not able to do tasks without repeated instructions;" that plaintiff "was not able to keep his focus (anxiety/depression) during the evaluation;" and, that plaintiff "was not able to remember three words after a short delay (AR. 255). Dr. Mitchell indicated that plaintiff's inability "to remember three

words after a short delay" was the basis for her specific opinion that plaintiff "would most likely need significant supervision in a work environment" (*see id.*).

Second, the Court notes that Dr. Mitchell performed an MSE and explicitly indicated therein that "[t]here was not evidence of feigning or factitious behaviors: effort on the Rey 15 item test indicates excellent effort and cooperation w[ith] the task and minimizes the likelihood of malingering at this time" (AR. 257). Similarly, Dr. Mitchell assigned plaintiff a global assessment of functioning ("GAF") of 40, explicitly based on plaintiff's "presentation, administration of MSE and psychological tools, clients self-report and records reviewed" (AR. 254).

Finally, Dr. Mitchell specifically indicated that her opinion regarding the specific functional limitations already discussed by the Court were based on specific mental health symptoms of plaintiff, in a section which included instructions to base such opinions "on objective findings and your observations" (AR. 253 (instructing Dr. Mitchell to "Describe in the narrative section F how each symptom affects the individual's ability to perform during a normal workday, based on objective findings and your observations"); *see also* AR. 254-55 for "section F"). For example, Dr. Mitchell indicated that she personally observed plaintiff's depression, psychomotor retardation, fatigue and difficulty concentrating, among other similar symptoms; that she personally observed plaintiff's "inability to recall an important aspect of the trauma; numbing of general responsiveness; anhedonia, detach[ment] from others, and restricted range of affect; and that she personally observed that plaintiff was hyper vigilant, with an exaggerated startle (AR. 253; *see also* AR. 255).

For the reasons stated and based on the record as a whole, Court concludes that the ALJ's conclusion that Dr. Mitchell's opinion was based more on plaintiff's self-report than on her own objective observations is not based on substantial evidence in the record as a whole. As discussed herein, the Court also concludes that the ALJ erred in her evaluation of the medical opinion of Dr. Mitchell.

The Court also concludes that this error in the evaluation of the medical opinion of Dr. Mitchell is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at *9 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (*citing Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth

Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

First, the Court notes that the ALJ's error with respect to the medical opinion of Dr. Mitchell is a serious error. *See Marsh*, *supra,* 792 F.3d at 1173. There are numerous specific functional limitations opined by Dr. Mitchell that the ALJ failed to discuss. Furthermore, it is clear that had the ALJ credited fully Dr. Mitchell's opinion, the finding regarding plaintiff's residual functional capacity ("RFC") would have been very different. Not only are there numerous functional limitations opined by Dr. Mitchell that are not accommodated into the RFC, but also, Dr. Mitchell specifically opined that plaintiff "would likely not be able to attain or sustain employment at this time" (AR. 255). As a result, the Court cannot conclude with confidence that "'no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, *supra,* 792 F.3d at 1173 (*citing Stout,* 454 F.3d at 1055-56).

Therefore, this matter should be remanded for further administrative proceedings.

The Court also notes briefly that the ALJ's failure to credit fully the opinion from Dr. James Czysz, Ph.D. also is based on legal error and not based on substantial evidence in the record as a whole. Similar to her treatment of the medical opinion of Dr. Mitchell, the ALJ failed to credit fully Dr. Czysz's medical opinion in part based on a finding that his opinion simply reflected plaintiff's allegations and self reports (AR. 18). However, similar to the circumstance presented with Dr. Mitchell, Dr. Czysz also conducted an

MSE, and he specifically indicated that his "assessment of [plaintiff's] overall intellectual level, capacity to maintain concentration, and memory ability was gathered through observations of behavior during the session as well as based on [plaintiff's] report of history" (AR. 251). Dr. Czysz noted that "some impairment was noted in attention and concentration" during plaintiff's MSE, and also noted that "some impairment in immediate memory was evident" (*id.*). Dr. Czysz also observed that plaintiff's "mood was anxious, irritable, and depressed" (*id.*). Finally, similar to the report from Dr. Mitchell, Dr. Czysz specifically indicated that he personally observed plaintiff's "anxiety, hypervigilance, exaggerated startle response, [and] general mistrust;" as well as plaintiff's "underdeveloped social/interpersonal skills [and] aggressive behavior" (AR. 249). Therefore, the Court concludes that all of the medical evidence should be evaluated anew following remand of this matter.

    **(2)    Whether or not the ALJ correctly provided clear and convincing reasons for rejecting plaintiff's testimony and whether or not the ALJ provided germane reasons for rejecting the lay testimony of plaintiff's case manager.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter. Similarly, following remand of this matter, the ALJ should reassess the third-party statement by plaintiff's case manager, Mr. Anthony Kagochi, who opined that plaintiff "would have

significant difficulty working full-time at even a simple job" (AR. 16 (*citing* AR. 228)). The ALJ does not explain how this opinion from Mr. Kagochi "is inconsistent with the drug court records" (*see id.*).

As requested by plaintiff, this matter should be reversed and remanded for further administrative proceedings (*see* Dkt. 11, p. 18). As a necessity, the remainder of the sequential disability evaluation procedure should be completed anew following remand of this matter.

## CONCLUSION

The ALJ failed to credit fully medical opinion evidence based on a finding that the doctor's opinions was heavily based on plaintiff's subjective self-reports; however, as discussed in this Report and Recommendation, this finding is not based on substantial evidence in the record as a whole.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

1 | Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2 | matter for consideration on December 11, 2015, as noted in the caption.

3 |     Dated this 17th day of November, 2015.

*(signature)*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 13